JOSEFA RODRÍGUEZ RIVERA, Plaintiff and Appellee, *v.* TOMÁS CINTRÓN BATALLA, Defendant and Appellant.

No. 8093.  Argued May 28, 1940.—Decided June 20, 1940.

*Adolfo García Veve* for appellant.  *Manuel López Carrillo* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Josefa Rodríguez Rivera, on March 8, 1939, brought, in the District Court of Humacao, an action against Tomás Cintrón Batalla for maintenance and support.

She alleged her marriage to the defendant at Las Piedras, in 1938, his abandonment of her shortly thereafter which still continues, and his refusal to furnish her with the necessary maintenance and support in an amount not exceeding $8 weekly, despite the fact that he receives a salary of $20 a week.

The defendant in his answer admitted his marriage to the plaintiff, but denied that he had abandoned her, or that the plaintiff was insolvent, or that he earned $20 a week, the truth being that he was insolvent and received no salary since he had sustained a wound in a hand while working.

In view of the nature of the claim, the same was prosecuted in accordance with the procedure prescribed for the action of unlawful detainer, pursuant to the provisions of section 618 of the Code of Civil Procedure (1933 ed.)—section 84 of the Law of Special Legal Proceedings of 1905—the first hearing being set for March 17, 1939. The second hearing, that is, the trial was held on April 3, 1939.

On May 3, 1939, the plaintiff filed a motion requesting leave to introduce new evidence. It was granted on the same day and a hearing was set for the 19th of the same month. After the defendant had been served with notice, his attorney, on May 10, requested a continuance on the ground that he was precluded from attending the hearing by reason of his legislative work. The judge denied the request and the attorney insisted, by a telegram of May 18, 1939, in which he requested that the hearing be set for the following week. The court maintained its refusal and, on May 19, 1939, after the new witness introduced by the plaintiff had testified (the defendant failed to appear), it rendered judgment ordering the defendant to pay to the plaintiff $5 weekly as an allowance for support, and directed him to deposit that sum one week in advance in the office of the clerk of the court. It allowed the sum of $50 as attorney's fees of the defendant.

Feeling aggrieved by that decision, the defendant appealed to this court. He has assigned in his brief three errors com-

mitted, as he claims, by the court in sustaining plaintiff's motion for leave to introduce new evidence without giving the defendant an opportunity to be heard upon the merits of the motion; in not granting a continuance of the hearing for the introduction of new evidence; and in rendering judgment by default, acting under the influence of passion, prejudice, and partiality.

In his argument under the first assignment, the appellant begins by asserting that the permission granted to the plaintiff to introduce new evidence is tantamount to the granting of a new trial and that, this being so, the legal provisions applicable to new trials should have been followed. It then analyses the motion and the decision of the court in the light of said legal provisions, and concludes by saying that the same were not complied with by the plaintiff nor taken into account by the court.

A new trial, as defined by section 220 of the Code of Civil Procedure (1933 ed.), is a reexamination of an issue of fact in the same court after a trial and decision by a court or referee.

Here the second hearing had already been held on April 3, 1939. Both parties had introduced their evidence and the matter was left pending judgment without the same having been rendered up to the 3d of May following, when the plaintiff filed her motion requesting an opportunity to introduce newly discovered evidence. The grant of that motion can not be considered as tantamount to the granting of a new trial, since the case had not been decided by the court but was merely submitted to its consideration and decision.

The better practice would have been to hear the defendant before deciding the motion; but in view of the nature of the question submitted to it, we do not think that the court abused its discretion in acting as it did.

As regards the continuance of the trial perhaps it would have been better to grant the same, but in view of

the form in which defendant's counsel made the request—by means of a telegram when he had sufficient time within which to present a formal motion—we can not hold that the court was bound to order the postponement sought.

Besides, no attack has been made upon the new evidence introduced, which related to defendant's ability to fulfill his duty to support his wife, since he was working and earning money at the time the new witness testified, and therefore it has not been shown that any prejudice was caused; and, as from an examination of the evidence originally introduced by both parties, it may be concluded that the judgment rendered was fully supported by such evidence and that the defendant was given an opportunity to appear, we do not think that there is any basis for reversing the judgment appealed from, especially as the action involved is one for maintenance and support.

As to the passion, prejudice, and partiality of which the appellant complains, perhaps there may be something in the charge made but not to the extent required in order to render void the action of the court.

This is a case where, notwithstanding the judgment rendered, the matter remains subject to judicial revision. What the court did was to compel a defaulting husband to discharge his duty to support his wife by depositing in advance in the office of the clerk, not the sum of $8 claimed by the wife, but only $5. If circumstances arise which actually render impossible a compliance with the judgment, and the court is convinced that a mere evasion is not involved, the defendant can always obtain justice.

In virtue of all the foregoing, the judgment appealed from must be affirmed.